```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
SCOTT JACKSON, pro se,                        :
                                              :
                    Petitioner,               :
                                              :      SUMMARY ORDER
        -against-                             :      11-CV-3068 (DLI)
                                              :
DUKE TERRELL, Warden,                         :
Metropolitan Detention Center,                :
                                              :
                    Respondent.               :
----------------------------------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

*Pro se* petitioner Scott Jackson ("Petitioner") currently incarcerated at the Metropolitan Detention Center ("MDC"), a federal facility in Brooklyn, New York, brings this habeas corpus petition pursuant to 28 U.S.C. § 2241 seeking immediate release because the United States District Court for the Northern District of New York ("NDNY") allegedly failed to credit sixteen months he served in confinement for civil contempt against the thirty-month criminal sentence he is currently serving. (*See* Docket Entry No. 1, Habeas Petition ("Pet.") at 3, 5.) Respondent argues the petition should be dismissed as procedurally deficient or, in the alternative, denied on the merits.

For the reasons set forth below and in light of Petitioner's *pro se* status, the petition is construed as a challenge under 28 U.S.C. § 2255 and is transferred to the NDNY, so that the petition may properly be brought before "the court which imposed the sentence." *See* 28 U.S.C. § 2255(a).

**I.   Background**

On March 6, 2009, Petitioner pled guilty in the NDNY to one count of conspiracy to distribute and possess with intent to distribute marijuana in violation of 21 U.S.C. § 846.

(*See* 08-CR-326 (NDNY), Docket Entry No. 70.)  On July 10, 2009, Petitioner was sentenced to a term of imprisonment of thirty months and a term of supervised release of forty-eight months. (*See id.*, Docket Entry No. 78.)  On October 14, 2009, Petitioner was granted immunity and ordered to testify before a federal grand jury in a matter related to his criminal conviction. (*See* Exh. C, attached to Government's Response in Opposition ("Gov't Rep.").)  On December 2, 2009, Petitioner appeared before the grand jury but refused to testify.  Accordingly, on that same date, the Honorable David N. Hurd, United States District Judge for the NDNY, held Petitioner in civil contempt pursuant to 28 U.S.C. § 1826(a), and ordered Petitioner confined by the United States Bureau of Prisons ("BOP") until the first of the following events occurred: 1) Petitioner complied with his legal obligation to testify; 2) the term of the grand jury expired; or 3) eighteen months had elapsed.  (*See* Exh. E, attached to Gov't Rep.)  Further, the court ordered Petitioner's criminal sentence stayed and directed the BOP to delay and suspend any credit Petitioner was to receive toward service of his criminal sentence for the duration of the civil contempt commitment.  (*See id.*)

On April 15, 2011, after approximately sixteen months, the court terminated the contempt citation against Petitioner and directed the BOP not to credit the time Petitioner served between December 2, 2009 and April 15, 2011 toward Petitioner's criminal sentence.  (*See* Exh. G, attached to Gov't Rep.)  On June 21, 2011, Petitioner filed this habeas petition, seeking immediate release pursuant to 28 U.S.C. § 2241 on the ground that the NDNY court allegedly violated his constitutional rights by not crediting the sixteen months he served for civil contempt towards the thirty-month term of imprisonment that Petitioner is currently serving.  (Pet. at 3.)

**II.     Discussion**

Section 2241 permits habeas corpus review for federal prisoners "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). However, Section 2241 is the means by which a prisoner may challenge the *execution* of his sentence, such as "calculations by the Bureau of Prisons of the credit to be given for other periods of detention," *Poindexter v. Nash*, 333 F. 3d 372, 377 (2d Cir. 2003) (citations omitted) (emphasis in original), while Section 2255 is the proper vehicle by which a federal prisoner may challenge the legality of the *imposition* of a sentence. *Id.* (citation omitted) (emphasis in original). Thus, except where Section 2255 is "inadequate or ineffective to test the legality of [a prisoner's] detention," a federal prisoner challenging his sentence must proceed under Section 2255 and not under Section 2241. *Adams v. United States*, 372 F. 3d 132, 135 (2d Cir. 2004). Moreover, petitions under Section 2255 must be brought in the "court which imposed the sentence[.]" 28 U.S.C. § 2255(a).

It appears that Petitioner's Section 2241 challenge is to the NDNY's Order imposing a prison term for civil contempt, staying Petitioner's criminal sentence and suspending any credit he was to receive against his criminal sentence for the duration of the civil contempt commitment. Because this is a challenge to the imposition of sentence, and nothing indicates that Section 2255 is an inadequate or ineffective means to challenge Petitioner's sentence, his petition should have been brought under Section 2255 and not under Section 2241. However, in light of Petitioner's *pro se* status, the court construes the petition as having been brought under Section 2255 in the first instance.[1]  *See Shehadeh v. United States*, 2008 WL 630473, at

---

[1] The court is mindful that *pro se* submissions, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Thus, the court interprets the petition "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons,* 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis omitted).

3

*2 (N.D.N.Y. March 5, 2008) ("Courts should characterize *pro se* petitions according to the relief they seek and not according to the label that *pro se* prisoners, who are unschooled in the law, give to them." (citing *Chambers v. United States*, 106 F. 3d 472, 474 (2d Cir. 1997))).

A Section 2255 challenge must be filed in the court that imposed sentence, which, in this case, is the NDNY. As such, this court is without jurisdiction to decide the petition. Accordingly, in the interest of justice, it is hereby ORDERED that this petition be transferred to the United States District Court for the Northern District of New York. *See* 28 U.S.C. § 1406(a) (providing that, in the interest of justice, a district court may transfer a case to cure improper venue to any district or division in which the case could have been brought); *see also* Local Civil Rule 83.3.[2]

### III. Conclusion

For the reasons set forth above, the Clerk of the Court is respectfully directed to transfer the petition to the United States District Court for the Northern District of New York for further proceedings and close this case. Petitioner is denied a certificate of appealability, as he has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* FED. R. APP. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Luciadore v. New York State Div. of Parole*, 209 F. 3d 107, 112 (2d Cir. 2000).

---

[2] On July 1, 2011, Petitioner was granted *in forma pauperis* ("IFP") status pursuant to Administrative Order 2001-06. However, pursuant to Administrative Order 2011-09, the Board of Judges of the Eastern District of New York abrogated Administrative Order 2001-06. Thus, any IFP application in the instant matter is referred to the transferee court.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       January 24, 2012

_____/s/_____
DORA L. IRIZARRY
United States District Judge